Curia, per Joi-iNsoN, Ch.
The principal question raised¿by the grounds of appeal is, whether the complainant is or is not entitled to interest on the sum assessed by the commissioners in lieu of her dower in the lands of which her husband died seized, and, if so, from what time it should be computed. At the common law, the widow was only entitled to recover dower in the land itself. No commutation was allowed, and being purely a real action, she could not recover damages or costs for the illegal detention. To remedy these evils, the statutes of Merton and Gloucester were enacted by the British Parliament, which gave her an action at law, in which, where the husband died seized, she was entitled to recover one third part of the value of the land from her husband’s death until she recovered judgment of seizin, compensation by way of damages for the loss she had sustained by the detention of it, and costs ; 1 Roper on Husb. and Wife, 439. And it seems that, afterwards, it became a much controverted question whether, having this remedy at law, she was entitled to come into this court for relief, which ended in establishing here a concurrent jurisdiction with the law court; 1 Story Eq. 576; Curtis vs. Curtis, 2 Bro. Ch. R. 620; and, having no authority to assess damages, an account of mesne profits from the time of the death of the husband has been substituted, as most according with justice, and has been allowed. In this respect, our own statutes have made no alteration in the law, but have authorized the assessment of a sum of money as a substitute for dower, when, in the judgment of the commissioners appointed to admeasure and lay it off, the land itself cannot be divided without injury to some of the parties; and¿ *28 even in these cases, the court directs an account of mesne profits, as furnishing the measure of remuneration to which the widow is entitled, instead of computing interest on the sum assessed. Gordon vs. Stevens, 2 Hill Ch. R. 429. The question raised in the grounds of appeal is not therefore directly pertinent to the case. It is not interest, eo nomine, on the sum assessed, to which the complainant is entitled, but a share (one third,) of the mesne profits. There is. one case only in which interest is allowed on a sum of money assessed in lieu of dower, and that is provided for by the Act of the Legislature of 1824, which directs that, where the húsbánd has aliened- the land in his life time, and a sum of money is assessed for the widow’s dower, the value shall be assessed at the time of .alienation, and that interest should be computed on it; and the Act of 1825 provides that the interest shall be computed from the time the right of dower accrued; and the case of Payne vs. Payne, Dud. Eq. R. 124, in which interest was allowed, was decided upon the authority of these Acts.
It is said, in the argument, that the complainant’s right to interest, or mesne profits,; is concluded by the commissioners having assessed a gross sum in lieu of dowér.. Rut the writ for the admeasurement of dower conferred on them no authority to take an account of mesne profits, or to commute them for money, nor has the court any warrant in law to delegate such a power- to them; and, upon referring to the return, it will be seen that they do not assume it. The sum assessed is one sixth part of the fee simple value of the land, and is in exact conformity with the settled and long established rule by which the value of dower is ascertained without reference to interest or mesne profits. It has been insisted, too, (if I understood the counsel,) that the complaintant, having been put to her election, is not entitled to mesne profits, until she had elected and demanded her dower, and such seems to have been the rule at common law. 1 Roper on Husband and Wife, 444; Co. Lit. 32, b. and Mr. Roper, in his treatise on the rights of Husband and Wife, vol. 1. p. 453, refers to Delver vs. Hunter, Bunb. 57, where the same rule was applied in chancery. But he questions, upon high authority, the authority of the book itself, and controverts, in his usual felicitous manner, and I think successfully, the doctrine of the case, and maintains that the Courts of Equity J in decreeing an accoünt for mesne profits, proceed without reference to any statute or positive rule of the common law, but upon the principle that the right of the widow to have her dower assigned to her immediate- *29 ]y on the death of her husband, draws after it the right to an account of the profits: that, in effect, the tenant in possession, by the receipt of the profits, incurs a debt, which in equity he ought to pay; and he further remarks that, in equity, the tenant may be regarded as her bailiff, and therefore answerable for her share of the profits. The circumstance, that the complainant was driven to elect between the legacy bequeathed to her and her right of dower, so far from detracting from the merits of her claim to an account, adds additional force to it. It was a difficulty thrown in her way without any agency of her own, and she was not bound to elect, until -it was removed by a discovery of the quantity and value of the real estate of which the testator died seized. She filed her bill to obtain that discovery before the next sitting of the court after his death, so that no unnecessary delay or negligence is imputable to her. 1 am of opinion, therefore, that the complainant is entitled to an account of the profits from the death of the testator until the time when the return of the commissioners was confirmed; and it is ordered and decreed that the defendant, Osmund Woodward, do account before the commissioner of the court for the rents and profits of the real estate of the testator, in which dower has been assessed for the complainant, from the time of his (the testator’s) death to the time the return of the commissioners was confirmed; and that the said defendant do pay to complainant interest on the sum assessed from that time until the money shall be paid. We do not think it a case for costs: — each party must pay their own.
Harree, and Dunkin, CO. concurred.
JoriNSTON, Oh. gave no opinion, being related to some of the parties.